**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0024-22

RIVERSIDE GENETICS LLC
and ROSA FRISA-RAMIREZ,

     Plaintiffs-Appellants,

v.

BOROUGH OF SOUTH TOMS
RIVER,

     Defendant-Respondent.

_____

          Submitted May 14, 2024 – Decided August 19, 2024

          Before Judges Rose and Smith.

          On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1013-22.

          Robert L. Tarver, Jr., attorney for appellants.

          Dasti & Staiger, PC, attorneys for respondent (Christopher J. Dasti, of counsel and on the brief; Christopher A. Khatami, on the brief).

PER CURIAM

Plaintiffs, Riverside Genetic, LLC and Rosa Frisa-Ramirez, appeal the trial court's order dismissing their order to show cause and verified complaint against the Borough of South Toms River (Borough). On appeal, plaintiffs contend that the trial court erred by declining to enlarge the time for filing their complaint under Rule 4:69-6(c), and, in the alternative, dismissing the complaint for failure to join certain indispensable parties as defendants pursuant to Rule 4:28-1. We disagree with the trial court's finding that the complaint was untimely, however we affirm because we agree with the trial court that plaintiffs failed to join indispensable parties.

On February 15, 2022 the Borough issued a request for proposals (RFP) to prospective applicants for what it described as a "Local Endorsement for Cannabis Licensing." The RFP was a twenty-two-page document detailing the terms and conditions to be met by responsive applicants seeking the Borough's endorsement.

Plaintiffs sought an endorsement so that they could apply for a State of New Jersey cannabis retail license to do business in the Borough. They filed a timely application with the Borough on March 10. As required by the RFP, plaintiffs paid a non-refundable $10,000 deposit when they submitted their application. On March 14, the Borough simultaneously adopted three

resolutions authorizing issuance of endorsement letters for three of Riverside's competitors: Social Leaf, LLC; Altitude Cannabis; and Shore Cannabis. All other applicants, including plaintiffs, were rejected. The Borough also adopted Ordinance 22-2 same day. The ordinance established the municipal endorsement process for cannabis retail business applicants—a process which the Borough initiated without the ordinance in place on February 15.

At plaintiffs' request, the Borough granted two plaintiffs' representatives, Gregory Kennedy and Carlos Almanzar, an opportunity to view all submitted applications on March 17. On May 17, 2022, plaintiffs sued, filing an order to show cause with a verified complaint. Plaintiffs named the Borough as the sole defendant.

In their thirty-five paragraph, one-count verified complaint, plaintiffs alleged a series of inconsistencies between the proposal criteria issued to interested applicants and the scoring criteria used to grade responsive applicants. These discrepancies included: a change in the scoring range used to evaluate applicants from a 100-point scale in the published RFP to a 200-point scale used by the municipal scoring committee; use of scoring criteria inappropriate for a Class 5 cannabis license; inconsistent minority hiring criteria; and non-compliance with N.J.S.A. 40A:11-42 concerning establishment of a minority,

A-0024-22

women, or veteran business set-aside program. Plaintiffs also averred in paragraph thirty-four that "all necessary parties" were named in the complaint. As relief, the complaint sought: a declaration that all the three resolutions were void; an order compelling the Borough to comply with its own process as spelled out in its ordinance; and damages, including counsel fees.

After argument, the trial court dismissed the complaint and issued its findings in an oral decision. Describing plaintiffs' objections as "fairly legitimate," the court stated:

> [T]here [are] really two problems with this application. One is that [it is] beyond the [forty-five] days for challenging this. The train has already left the station. The . . . three applicants were approved, [and they] are already going before the State to obtain their license[s]. They are not parties to this litigation and the court is therefore without authority because of the [forty-five-day] filing rule to challenge the legislative action of a local agency and part of that is that [it is] a rule of repose because in situations like this, whether [it is] an approval of a land use decision or approval of a license, that the purpose of that is to allow the other participants in the process to rely upon that at some point in time, and then to make their investment and to move forward.

Finding that plaintiffs failed to file their order to show cause and verified complaint under Rule 4:69 within forty-five days, and further finding that the three successful bidders were indispensable parties, the trial court denied plaintiffs' application for injunctive relief and dismissed the complaint.

4

We first consider plaintiffs' argument that the court misapplied Rule 4:69-6.  "Appellate review of the meaning of the New Jersey Court Rules is de novo." State v. Dickerson, 232 N.J. 2, 17 (2018).

Rule 4:69-6(b)(3) provides:

> [n]o action in lieu of prerogative writs shall be commenced . . . to review a determination of a planning board . . . after [forty-five] days from publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality . . . .

The trial court found plaintiffs filed their complaint outside the forty-five-day time limit contained in the Rule.  However, our review of the record reveals no facts establishing the date of publication for either Ordinance 22-2 or the Borough's three resolutions.  Without those dates, the trial court could not accurately calculate a starting point for the forty-five-day clock.  It follows that we cannot conclude the trial court's timeliness finding was proper.  Accordingly, we need not consider plaintiffs' argument under interest of justice exception to the forty-five-day rule under Rule 4:69-6(c).  See Borough of Princeton v. Bd. of Chosen Freeholders of Cnty. of Mercer, 169 N.J. 135, 152 (2001).

We turn to plaintiffs' argument that the trial court further erred by dismissing the complaint with prejudice for failing to join Social Leaf, LLC, Altitude Cannabis, and Shore Cannabis.  "Our review of the trial court's

A-0024-22

dismissal order in this context is de novo." Flinn v. Amboy Nat'l Bank, 436 N.J. Super. 274, 287 (App. Div. 2014). We "apply a plenary standard of review from a trial court's decision to grant a motion to dismiss" and "[owe] no deference to the trial court's conclusions."[1] Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012) (quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)).

A dismissal under Rule 4:6-2(f) for "failure to join a party without whom the action cannot proceed" is governed by Rule 4:28-1(a), which states:

> [a] person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest in the subject of the action and is so situated that the disposition of the action in the person's absence may either (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other inconsistent obligations by reason of the claimed interest.

Whether a party is indispensable is fact sensitive. "As a general proposition, . . . a party is not truly indispensable unless he has an interest

---

[1] While the Borough never moved to dismiss, the court dismissed the complaint on its own after making the timeliness and indispensable party findings. Because we review this matter after the trial court's dismissal of plaintiffs' complaint, the appropriate starting point in our analysis is R. 4:6-2(f).

6

inevitably involved in the subject matter before the court and a judgment cannot justly be made between the litigants without either adjudging or necessarily affecting the absentee's interests."  Intern. Broth. of Electrical Workers Local 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 225 (App. Div. 2021).

Plaintiffs' claims include alleged discrepancies between the February 15 RFP application criteria and the scoring criteria used by the Borough to evaluate responsive proposals.  Any analysis of the discrepancies and their role in the Borough's rejection of plaintiffs' proposal clearly has implications for the three successful respondents.  See id. at 226.  Those respondents had an interest in the subject of this action under Rule 4:28-1(a)(2).  Additionally, the trial court's disposition of the action without respondents would undoubtedly have impeded their ability to protect those interests.  See R. 4:28-1(a)(2)(i).  Plaintiffs neither offered substantive argument to the trial court to support amendment of the complaint, nor made any merit-based argument to us for remand to permit an amendment to the complaint after more than two years.  We conclude the trial court properly dismissed plaintiffs' complaint for failure to comply with Rule 4:28-1(a).  To the extent their complaint can be liberally construed to seek injunctive relief enjoining the Borough from taking further action to permit retail operations by Social Leaf, LLC, Altitude Cannabis, and Shore Cannabis,

that claim fails as well, because plaintiffs cannot show a reasonable probability of success on the merits.  See Garden State Equality v. Dow, 216 N.J. 314, 320 (2013).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0024-22